REED AND REED *v.* FOX AND PADDOCK.

---

ROMINA REED AND CHARLES REED, *by their next friend,* HANNAH M. REED VS. MATHEW M. FOX AND EPHRAIM J. PADDOCK.

Under Rule 35, of the Circuit Court Rules, where a defendant suffers more than ten days to elapse, after filing his plea of the general issue, without amending his plea, his right to amend, of course, is gone, and if after that he files and serves an amended plea, with an affidavit denying execution of the note declared on, under Rule 79, which plaintiff's attorney returns and refuses to receive, the same will on motion of plaintiff's attorney be stricken from the files.

A motion for leave to file such an amended plea and affidavit, under rule 79, made after cause is on the Calendar for trial, and order made striking such amended plea and affidavit from the files for such irregularity, based on affidavits merely denying the execution by one defendant, of the note declared on brief, setting up no reason for not having filed it under the Rule, comes too late, and, if made seasonably, shows no sufficient excuse for noncompliance with the Rule.

*Branch Circuit, April,* 1870.

Assumpsit on note for $300, dated January 30th, 1866, payable in one year from date, with interest at 10 per cent., purporting to have been signed by the defendants individually. Interest endorsed thereon as paid June 30th, 1867, 1868 and 1869, in three endorsements. Declaration, with copy of note and endorsements, and notice of rule to plead, personally served on each of defendants, March 14th, 1870.

Plea of general issue, with notice that defendant Paddock would show, in his defense, that he never signed or authorized any one to sign his name to the note, as described in plaintiff's declaration, filed, and copy served, March 19th, 1870.

April 2d, 1870, the defendants, without any leave obtained, filed an amended plea, being simply the general issue, with an affidavit denying the execution of the note by defendant Paddock, as under Rule 79. Plaintiff's attorney returned said amended plea, with notice that it was refused, and that, on the first day of the next term, he should move the Court to strike the same from the files, as unauthorized under Rule 35.

Motion made and submitted April 19th, 1870.

*D. Thompson,* Plaintiff's Attorney.

*Parsons & Pratt,* Defendant's Attorneys.

*By the Court,* UPSON J.—Under Circuit Court Rule 35, (providing for amendments of course), as amended April 20th, 1860, it is

provided that " if the pleading be such as does not require to be answered, it can be amended under this rule only within ten days after filing the same." The so-called " amended plea" and affidavit having been filed more than ten days after the filing of the plea in this case, which did not require to be answered, comes within the prohibition in the Rule, and was filed without authority. The plaintiff's attorney having returned it with notice of refusal to receive it, (20 *Wend.*, 276, 680 ; 25 *Wend.*, 699,) and also with notice of motion that the same be stricken from the files, is entitled to have his motion granted 1 *Doug. Mich. R.* 434.

Defendants' attorneys thereupon, after order made striking amended plea and affidavit from the files, moved the Court, on affidavits denying execution of the note by Paddock, for leave to file affidavit on his behalf, under Rule 79, but without showing any reason why it was not filed with the plea.

*By the Court.*—The cause being now on the issue calendar for trial, and the party having being aware of his irregularity, the motion comes too late ; but even if admissible, no excuse is shown for the omission.

Motion denied.